## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.T.,<br><br>                    Plaintiff,<br><br>                    v.<br><br>DISTRICT OF COLUMBIA,<br><br>                    Defendant. | Civil Action No. 17-1319 (BAH)<br><br>Chief Judge Beryl A. Howell |

### MEMORANDUM AND ORDER

In this action, the plaintiff, J.T., the mother of V.T., appealed three Hearing Officer Determinations resolving separate administrative complaints under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.  *See* Am. Compl., ECF No. 14. One of those determinations rejected J.T.'s complaint that the District of Columbia Public Schools ("DCPS") violated the IDEA by developing for the 2017–18 school year an individualized education program ("2017 IEP") for her son, V.T., that failed to provide V.T. with a free appropriate public education, as required by 20 U.S.C. § 1412(a)(1)(A).  *Id.* ¶ 17.

The Magistrate Judge to whom this case was referred suggested that J.T.'s challenge to the 2017 IEP was moot because the Court could not provide any relief even if J.T. were to prevail.  Report and Recommendation ("R&R") at 36–38, ECF No. 34.  V.T.'s 2017 IEP had been revised in July 2018, meaning the challenged IEP no longer governed V.T.'s education, and J.T. had not sought retrospective relief for the year that V.T. was educated under the contested IEP.  *Id.* at 36.

J.T. objected to the Magistrate Judge's recommendation, arguing that she would benefit from a declaratory judgment about the adequacy of the contested IEP because "[p]rior IEPs help

1

establish a baseline for the development of future IEPs."  Pl.'s Obj. to R&R at 11, ECF No. 35.

Yet, as explained in rejecting J.T.'s argument, "for V.T., the adequacy of the 2017 IEP is

irrelevant because, as J.T. notes in her objections to the R&R, V.T. has advanced since the 2017–

18 school year. . . .   Irrespective of whether J.T. is right about the 2017 IEP, V.T. is not at the

same level he was two years ago and declaring what accommodations V.T. needed then has no

value now."  *J.T. v. District of Columbia*, No. 17-cv-1319 (BAH), 2019 WL 3501667, at *4

(D.D.C. Aug. 1, 2019).[1]  Thus, J.T.'s challenge to the 2017 IEP was dismissed as moot.  *Id.* at

*6.

Now, J.T. has moved, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), to

alter the judgment dismissing her complaint as moot.  *See* Pl.'s Mot. Alter J., ECF No. 40.[2]

Under Rule 59(e), a party may request that a court alter or amend a prior judgment.  Under Rule

60(b), a party may seek relief from a final judgment for reasons including newly discovered

evidence.  In support of her motion, J.T. points to a meeting she had with DCPS to develop a

new IEP for V.T. for the 2019–20 school year.  Pl.'s Mot. Alter J. at 3.[3]  According to J.T., the

IEP that DCPS now proposes shares the same alleged deficiencies as the 2017 IEP, *see id.*, and

thus the new IEP revives her challenge for two reasons: (1) "if the administrative decision

regarding the 2017 IEP is not overturned, DCPS will rely on that decision in future litigation

---

[1]     Separately, the Court noted that "the 2018 IEP differs from the 2017 IEP in that the updated version 'prescribes a maximum class of six students and minimal risk of noise and distraction from inside and outside of the classroom.'"  *J.T.*, 2019 WL 3501667, at *4 (quoting Pl.'s Obj. to R&R at 10 n.4).  "Even as a baseline, then, the 2017 IEP has been replaced."  *Id.*

[2]     The District of Columbia filed its opposition to J.T.'s motion on September 11, 2019.  Def's Opp'n Pl.'s Mot. Alter J., ECF No. 41.  J.T. filed no reply.  *See* LCvR 7(d) (requiring that a reply memorandum be filed "[w]ithin seven days after service of the memorandum in opposition").

[3]     Although J.T. describes this meeting as "new evidence," J.T. concedes that the meeting occurred "*before* the Court issued" its order and memorandum opinion dismissing J.T.'s challenge as moot.  Pl.'s Mot. Alter J. at 3 (emphasis added).  For that reason alone, J.T.'s motion fails.  *See, e.g.*, *McNeil v. Harvey*, No. 17-cv-1720 (RC), 2019 WL 1003582, at *4 (D.D.C. Feb. 29, 2019) (explaining that documents "available to Plaintiffs before" the issuance of "this Court's opinion" are "not new evidence that the Court can consider"), *appeal docketed*, No. 19-5127 (D.C. Cir. May 7, 2019).

regarding the new IEP"; and (2) "if the Court rules for J.T., the Court will thereby validate the evidence presented by J.T. and reject DCPS's current contention that no data supports a class size restriction," *id.* at 4.

J.T.'s motion overlooks a critical factor in the Court's prior decision: V.T., by the plaintiff's own account, is not the same student he was in 2017.  Nothing the Court says about whether the 2017 IEP adequately met V.T.'s needs at the time will benefit the plaintiff as V.T.'s needs now are different than they were then.  DCPS's development of another IEP for the upcoming school year does not change the fact that the Court has no remedy to give for J.T.'s claims regarding the 2017 IEP.

For the foregoing reasons, it is hereby **ORDERED** that J.T.'s Motion to Alter or Amend Judgment, ECF No. 40, is **DENIED.**

**SO ORDERED.**

Date: September 26, 2019

*This is a final and appealable order.*


_____
BERYL A. HOWELL
Chief Judge