UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.T., <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No. 17-1319 (BAH) <br><br> Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

In 2017, plaintiff filed the instant lawsuit challenging, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, a Hearing Officer Determination ("HOD") that rejected her contention that a 2017 individualized education program ("IEP") developed by defendant District of Columbia Public Schools failed, in violation of the IDEA, to provide her son V.T. with a free appropriate public education ("FAPE"). *See* Am. Compl., ECF No. 14; *see also J.T. v. Dist. of Columbia*, No. 17-cv-1319 (BAH), 2019 WL 3501667, at *1 (D.D.C. Aug. 1, 2019). The Magistrate Judge to whom the case was referred reasoned that the lawsuit no longer presented a live controversy, *see* Report & Recommendation ("R&R"), ECF No. 34, and the Court agreed, dismissing the complaint as moot "because the challenged 2017 IEP already ha[d] been modified" and thus no longer governed V.T.'s education, *J.T.*, 2019 WL 3501667, at *2. Subsequently, plaintiff's motion to alter the judgment dismissing her complaint as moot, *see* Pl.'s Mot. Alter J., ECF No. 40, was also denied for substantially the same reason, *see* Mem. & Order, ECF No. 42. On appeal, the D.C. Circuit affirmed the Court's mootness determination and dismissal of the complaint. *See J.T. v. Dist. of Columbia*, 983 F.3d 516, 519, 522 (D.C. Cir. 2020).

1

Plaintiff now seeks relief from the final judgment in this case, pursuant to Federal Rule of Civil Procedure 60(b)(6), requesting, for the first time, that the challenged HOD be vacated. Pl.'s Mot. Vacate Admin. Dec. as Moot, ECF No. 49; *see also* Pl.'s Reply Supp. Mot. Vacate Admin. Dec. as Moot ("Pl.'s Reply") at 4, ECF No. 51 (acknowledging that plaintiff's "[m]otion is, in effect, a motion under Rule 60(b)(6)"). As plaintiff has not cleared the high bar for relief under Rule 60(b)(6), her motion is denied.

I.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the [other] grounds for relief [from a final judgment] enumerated in clauses (b)(1) through (b)(5)" of Rule 60. *Salazar ex rel. Salazar v. Dist. of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). Relief under Rule 60(b)(6) "applies only to 'extraordinary' situations," *Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting *Ackermann v. United States*, 340 U.S. 193, 202 (1950)), and "should be only sparingly used," *id.* (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)), demanding that "the trial judge . . . strike a '"delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts,"'" *id.* at 1138 (second omission in original) (emphasis omitted) (quoting *Good Luck Nursing Home, Inc.*, 636 F.2d at 577). The "'extraordinary circumstances'" requirement means that plaintiff "must clear a very high bar to obtain relief under Rule 60(b)(6)," *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (quoting *Ackermann*, 340 U.S. at 199), and the Rule "may not 'be employed simply to rescue a litigant from strategic choices that

later turn out to be improvident,'" *id.* (quoting *Good Luck Nursing Home, Inc.*, 636 F.2d at 577); *see also id.* ("The case law makes clear that Rule 60(b)(6) is not an opportunity for unsuccessful litigants to take a mulligan.").

## II.  DISCUSSION

Plaintiff has not carried her substantial burden to show "extraordinary circumstances," *Kramer*, 481 F.3d at 793, warranting relief under Rule 60(b)(6). She argues that vacatur of the challenged HOD is appropriate here "so that no future hearing officer or court will misinterpret the Court's decision [dismissing the complaint as moot] as a ruling on the substantive issues in dispute." Pl.'s Mem. Supp. Mot. Vacate Admin. Dec. as Moot ("Pl.'s Mem.") at 3, ECF No. 49; *see also id.* (contending that vacatur is necessary "to clear the path for future relitigation of the issues" underlying the parties' dispute over the 2017 IEP (quoting *Sands v. NLRB*, 825 F.3d 778, 785 (D.C. Cir. 2016)). No basis exists for plaintiff's fanciful speculation that a Hearing Officer or another court could possibly construe the Court's prior decisions as rulings on the merits of plaintiff's challenge to the 2017 IEP. Rather, the Court has twice made clear that plaintiff's complaint was dismissed only because it no longer presented a live controversy, and never addressed the merits of plaintiff's challenge to the 2017 IEP. *See J.T.*, 2019 WL 3501667, at *3–6; Mem. & Order at 1–3.

Moreover, as repeatedly explained, "[i]rrespective of whether J.T. is right about the [adequacy of the] 2017 IEP, V.T. is not at the same level he was [in 2017] and declaring what accommodations V.T. needed then has no value now." *J.T.*, 2019 WL 3501667, at *4; Mem. & Order at 2 (quoting *J.T.*, 2019 WL 3501667, at *4). Accordingly, because V.T. "is not the same student he was in 2017," Mem. & Order at 3, the parties' disputed issues with respect to the 2017 IEP are simply no longer relevant to the development of future IEPs for V.T. Vacatur is not

necessary "to 'clear[] the path for future religitation of the issues,'" *Sands*, 825 F.3d at 785 (alteration in original) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22 (1944)), because the issues presented by the 2017 IEP were unique to that IEP and to V.T.'s then-current academic development, and thus will not and cannot be "relitigated."

Finally, plaintiff's suggestion that vacatur is "'the standard form of relief' in a mootness situation like this one," Pl.'s Reply at 4 (quoting *N. Cal. Power Agency v. Nuclear Regulatory Comm'n*, 393 F.3d 223, 225 (D.C. Cir. 2004)), disregards that she seeks vacatur in the context of a Rule 60(b)(6) motion. As plaintiff rightly notes, "'[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below' when a civil case becomes moot while awaiting appellate review," which principle "applies equally to unreviewed administrative orders." *Sands*, 825 F.3d at 785 (omissions in original) (quoting *Humane Soc'y of U.S. v. Kempthorne*, 527 F.3d 181, 184 (D.C. Cir. 2008)); *see also Mundo Verde Pub. Charter Sch. v. Sokolov*, 315 F. Supp. 3d 374, 384–85 (D.D.C. 2018) (vacating a HOD based on a determination that the lawsuit challenging that HOD had become moot); Pl.'s Mem. at 2–3 (citing *Sands*, 825 F.3d at 785). As such, vacatur of the HOD may well have been appropriate while this lawsuit was still being actively litigated. To obtain that remedy now, however, more than twenty-three months after entry of final judgment in this lawsuit and after an appeal to the D.C. Circuit has been fully litigated, plaintiff must show not only that equitable considerations weigh in favor of vacatur, *see Sands*, 825 F.3d at 785 ("Because vacatur is equitable in nature, we look to notions of fairness when deciding whether to use the remedy."), but also that "extraordinary circumstances" justify such relief under Rule 60(b)(6), after entry of the final judgment in this case. *Kramer*, 481 F.3d at 793. Tellingly, in *Mundo Verde Public Charter School*, the lone case plaintiff cites in which a moot HOD was vacated, the court vacated the HOD *contemporaneously*

4

with its finding of mootness—not, as here, nearly two years after its determination that plaintiff's complaint is moot.  *See* 315 F. Supp. 3d at 384–88.

Indeed, plaintiff had ample opportunity to request that the HOD be vacated upon a finding that her complaint was moot, in litigating either the parties' cross-motions for summary judgment, *see* Pl.'s Mot. Summ. J., ECF No. 26; Def.'s Cross-Mot. Summ. J., ECF No. 27, their objections to the R&R, *see* Pl.'s Obj. to R&R ("Pl.'s Obj."), ECF No. 35; Def.'s Resp. to Pl.'s Obj., ECF No. 36, or plaintiff's motion to amend the judgment, *see* Pl.'s Mot. Alter J.  That she did not do so, and requests vacatur of the HOD for the first time only now, strongly indicates that relief under Rule 60(b)(6) is unwarranted.  *See Kramer*, 481 F.3d at 792 (holding that Rule 60(b)(6) relief was inappropriate when plaintiff could have obtained, or at least sought, the requested remedy earlier in litigation).

### III.   CONCLUSION & ORDER

For the foregoing reasons, plaintiff has failed to demonstrate "extraordinary circumstances," *Kramer*, 481 F.3d at 793, warranting relief under Rule 60(b)(6).  Accordingly, it is hereby

**ORDERED** that plaintiff's Motion to Vacate Administrative Decision as Moot, ECF No. 49, is DENIED.

**SO ORDERED.**

Date: September 8, 2021

*This is a final and appealable order.*

                                              BERYL A. HOWELL
                                              Chief Judge